UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MARK WILLIAMS,** individually, and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>**PF HOLDINGS LLC, PF HOLDINGS MANAGEMENT LLC, PF ALABAMA MANAGEMENT LLC, PF RALSTON LLC,** and **RALSTON GA LLC,**<br><br>        Defendants. | Case No. |

### COLLECTIVE ACTION COMPLAINT
### WITH JURY DEMAND

Plaintiff, MARK WILLIAMS, (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, **JTB LAW GROUP LLC**, hereby brings this Collective Action Complaint against Defendants, **PF HOLDINGS LLC, PF HOLDINGS MANAGEMENT LLC, PF ALABAMA MANAGEMENT LLC, PF RALSTON LLC,** and **RALSTON GA LLC**, (hereinafter referred to as "Defendants"), alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

### INTRODUCTION

1. Plaintiff brings this action to recover monetary damages, liquidated damages, and costs including reasonable attorney's fees arising from Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Plaintiff worked for Defendants from approximately January 30, 2017 until June 23, 2017 as an hourly-paid Maintenance Worker primarily at Defendants' housing complex

"Ralston Towers," in Columbus, Georgia and also in Phoenix City, Alabama.

3. Defendant violated the FLSA in three ways:

   a. Failing to pay Plaintiff and other Maintenance Workers compensation for all hours worked inclusive of hours worked while on-call duty during periods outside their scheduled shifts, such as responding to residents calls to repair plumbing issues, unclogging pipes and performing cleaning activities such as dusting, and mopping;

   b. Deducting time from Plaintiff's and other Maintenance Workers' pay for meal breaks with respect to shifts in which they did not receive any bona fide uninterrupted meal breaks; and

   c. Failing to pay Plaintiff and other Maintenance Workers overtime pay calculated at time-and-a-half (1.5) of their regular rates of pay for each hour worked in excess of forty (40) hours in a workweek as required by the FLSA. 29 U.S.C. § 207(a)(1).

4. Plaintiff, on behalf of all other Maintenance Workers employed by Defendants during the relevant time period, seeks all unpaid compensation and overtime wages for all hours worked in excess of forty (40) hours in a workweek inclusive of hours worked while on-call duty during periods outside their scheduled shifts.

5. Plaintiff bring this claim on behalf of himself and all other Maintenance Workers for relief for violation of the FLSA, as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), defined as follows:

> *All individuals employed by Defendant as Maintenance Workers, and/or other positions primarily responsible maintenance of Defendants' property at any time during the period of three (3) years prior to the commencement of this action through the date of judgment.*

6. Plaintiff seeks to hold Defendants jointly and severally liable on the basis that at all relevant time, all Defendants comprised a single integrated enterprise with common ownership and management and interrelated operations, and further because Defendants were/are joint employers under the FLSA.

2

**JURISDICTION AND VENUE**

7. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because all Defendants reside or have resided in this District during the relevant period, and because a substantial portion of the events that give rise to the Plaintiff's claims occurred in this district.

9. The Court has personal jurisdiction over Defendant PF Holdings LLC because its company headquarters is located within this district in Brooklyn, NY.

10. The Court has personal jurisdiction over Defendant PF Holdings Management LLC because its company headquarters is located within this district in Brooklyn, NY.

11. The Court has personal jurisdiction over Defendant PF Alabama Management LLC because its company headquarters is located within this district in Brooklyn, NY.

12. The Court has personal jurisdiction over Defendant PF Ralston LLC because during the relevant period its company headquarters was located within this district in Brooklyn, NY.

13. The Court has personal jurisdiction over Defendant Ralston GA LLC because its company headquarters is located within this district in Brooklyn, NY.

**PARTIES**

**Defendants**

14. PF Holdings LLC is a domestic limited liability corporation incorporated in Maryland and registered in New York with a principal business address located at 1223 East 13th Street, Brooklyn, NY 11230.

3

15. PF Holdings Management LLC is a domestic limited liability corporation incorporated in Maryland and registered in New York with a principal business address located at 1223 East 13th Street, Brooklyn, NY 11230.

16. PF Alabama Management LLC is a domestic limited liability corporation incorporated in Alabama and registered in New York with a principal business address located at 1223 East 13th Street, Brooklyn, NY 11230.

17. PF Ralston LLC is a domestic limited liability corporation incorporated in New Jersey whose principal business address at times during the relevant statutory period was 1223 East 13th Street, Brooklyn, NY 11230.

18. Ralston GA LLC is a domestic limited liability corporation incorporated in Georgia and registered in New York with a principal business address located in 1223 East 13th Street, Brooklyn, NY 11230.

**Plaintiff**

19. Plaintiff MARK WILLIAMS is a resident of Columbus, GA, and was employed by Defendants as a Maintenance Worker from approximately January 30, 2017 to June 23, 2017. Plaintiff signed a consent form to join this lawsuit, which is attached as *Exhibit 1*.

## FACTUAL ALLEGATIONS

**Defendant's Business**

20. Defendants PF Holdings LLC, PF Holdings Management LLC, PF Alabama Management LLC, and Ralston GA LLC share a mailing address located at 1223 East 13th Street, Brooklyn, NY 11230.

21. Defendants PC Holdings LLC, PF Holdings Management LLC, PF Alabama Management LLC, PF Ralston LLC, and Ralston GA LLC, have common management,

ownership, and financial control.

22. Defendants PC Holdings LLC, PF Holdings Management LLC, PF Alabama Management LLC, PF Ralston LLC, and Ralston GA LLC jointly controlled, supervised, trained, hired, fired, and compensated the employees including Plaintiff.

23. Defendants PC Holdings LLC, PF Holdings Management LLC, PF Alabama Management LLC, PF Ralston LLC, and Ralston GA LLC were a single entity operating under different corporate forms. At all relevant times, Defendants' annual gross revenue exceeded $500,000.

24. At all relevant times, Defendants had employees engaged in commerce, and handled goods that had been moved in or produced for commerce.

**Plaintiff's Employment**

25. Plaintiff was employed by Defendants as a Maintenance Worker from approximately January 30, 2017 to June 23, 2017.

26. Plaintiff worked in Phoenix City, Alabama and Columbus, Georgia.

27. Plaintiff's job duties included making repairs in the apartment complex as well as on call duty during periods outside of his scheduled shifts.

28. At all times, Plaintiff was an hourly-paid maintenance worker who performed duties that are not exempt from the FLSA's overtime requirements.

29. Plaintiff's hourly rate was $14.00 an hour.

30. Plaintiff received paystubs from Ralston GA LLC.

31. Plaintiff's paystubs identified the "Employer's Address" as BOX 100520, Brooklyn, NY 11210.

32. Plaintiff's employee handbook identified his employer as PF Holdings LLC.

33. As a Maintenance Worker, Plaintiff was required to work a full-time schedule consisting of five (5) shifts per week, each lasting approximately eight (8) hours.

34. In addition, Defendants required Plaintiff to be "on call" during certain periods outside of his scheduled shifts.

35. Plaintiff regularly worked over 40 hours per week, without receiving compensation calculated at time-and-a-half (1.5.) of his regular rate of pay for all hours worked in excess of 40 hours.

36. Defendants deducted time from Plaintiff's pay for meal breaks with respect to shifts in which Plaintiff did not receive a *bona fide* uninterrupted meal break.

37. Defendants would not compensate Plaintiff for any work done overtime inclusive of any work done during on-call duty.

38. Defendants changed Plaintiff's timecards and marked their time cards to reflect eight (8) hours worked on days in which he worked more than eight (8) hours.

39. Plaintiff's paystub shows dates he worked from May 6, 2017 to May 19, 2017 for a total of eighty eight (88) hours, all of which were paid straight time of $14.00 an hour.

40. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of:

> *All individuals employed by Defendants as Maintenance Workers, and/or other positions primarily responsible for maintenance of Defendants' property at any time during the period of three (3) years prior to the commencement of this action through the date of judgment.*

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition as necessary.

42. Excluded from the proposed FLSA Collective are Defendant's employees employed in a bona fide executive, administrative, or professional capacity, or in the capacity of outside salespersons, *see* 29 U.S.C. § 213(a)(1).

43. With respect to the claims set herein, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The collective of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

44. The employment relationships between Defendant and every FLSA Collective member are the same and differ only by name, location, and rate of pay. The key legal issues are the same for every FLSA Collective member, to wit:

   a. Whether FLSA Collective members received compensation for all hours worked inclusive of hours worked while on-call duty during periods outside their scheduled shifts;

   b. Whether FLSA Collective members received compensation for all hours worked during shifts in which they did not receive any bona fide uninterrupted meal breaks;

   c. Whether FLSA Collective members received overtime pay calculated at time-and-a-half (1.5) of their regular rates of pay for each hour worked in excess of forty (40) hours in a workweek; and

  d. Whether Defendant's violations of the FLSA were willful and/or not in good faith.

45. Plaintiff estimates the FLSA Collective, including both current and former employees over the relevant period, will include over fifty (50) members. The precise number of FLSA Collective members should be readily available from a review of Defendant's personnel and payroll records.

**COUNT I**
**FIRST CLAIM FOR RELIEF**
**(Individual Claim for Violation of the FLSA)**

46. Plaintiff re-alleges and incorporates all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

47. At all times relevant to this action, Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

48. At all times relevant to this action, Plaintiff was not exempt from the protections of the FLSA.

49. Plaintiff were required by Defendants and regularly worked over forty (40) hours a week.

50. Defendants failed to pay Plaintiff overtime compensation inclusive of hours worked while on-call duty at time and a half (1.5) of Plaintiffs' regular rate of pay for hours in a workweek in excess of forty (40) hours.

51. At all times relevant to this action, Defendants deducted time from Plaintiff's time sheets based on supposed break periods, including time that exceeded forty (40) hours in a workweek, which in fact in many such instances Plaintiff was required to perform his normal compensable work duties and was not relieved from duty.

52. Defendants deducted time from Plaintiff's time sheets to keep his weekly hours

below forty (40) to avoid having to pay him at an overtime rate.

53. Defendants failed to pay Plaintiff for time spent in excess of forty (40) hours in a workweek while performing his normal compensable work duties during periods in which he was required to be "on call."

54. Defendant's conduct and practices, described herein, was/is willful, intentional, unreasonable, arbitrary, and in bad faith.

55. As a result of the foregoing, Plaintiff was illegally denied proper compensation and overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, costs, reasonable attorney's fees, and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT II
## SECOND CLAIM FOR RELIEF
### (Collective Action for Violation of the FLSA)

56. Plaintiff re-alleges and incorporates all previous paragraphs herein.

57. At all times relevant to this action, Defendants were an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

58. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff and other Maintenance Workers to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

59. At all times relevant to this action, Defendants violated their statutory obligations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. in workweeks where Plaintiff and other Maintenance Workers worked in excess of forty (40) hours by not paying them overtime at a rate not less than one and one-half (1.5) of each employee's regularly hourly wage in a workweek in excess of forty (40) hours.

60. At all times relevant to this action, Defendants deducted time from Plaintiff's and other Maintenance Workers' time sheets based on supposed break periods, including time that exceeded forty (40) hours in a workweek, which in fact in many such instances Plaintiff and other Maintenance Workers were required to perform their normal compensable work duties and were not relieved from duty.

61. Defendants deducted time from Plaintiff's and other Maintenance Workers' time sheets to keep their weekly hours below forty (40) hours to avoid having to pay them at an overtime rate.

62. Defendants failed to pay Plaintiff and other Maintenance Workers for time spent in excess of forty (40) hours in a workweek performing their normal compensable work duties during periods in which they were required to be "on call."

63. Defendants' failure to pay Plaintiff and other Maintenance Workers overtime was knowing and willful. Defendants knew that its policies resulted in Plaintiff and other Maintenance Workers not being paid for time spent working and Defendants could have properly compensated Plaintiff and other Maintenance Workers for such work, but did not. *See* 29 U.S.C. § 255(a).

64. Defendants' failure to pay Plaintiff and other Maintenance Workers minimum wage was not done in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement policy of such departments.

65. Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

66. Defendants had knowledge of and benefitted from Plaintiff's work without compensating Plaintiff required by the FLSA.

67. Defendants conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

68. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages plus an additional equal amount in liquidated damages, plus costs and reasonable attorneys' fees.

## COUNT III
## THIRD CLAIM FOR RELIEF
(Joint and Several Liability)

69. Plaintiff re-alleges and incorporates all previous paragraphs herein.

70. Defendants PC Holdings LLC, PF Holdings Management LLC, PF Alabama Management LLC, PF Ralston LLC, and Ralston GA LLC shares or during the relevant statutory period have shared a mailing address of 1223 East 13th Street, Brooklyn, NY 11230.

71. Defendants PC Holdings LLC, PF Holdings Management LLC, PF Alabama Management LLC, PF Ralston LLC, and Ralston GA LLC have common management, ownership, and financial control.

72. Defendants PC Holdings LLC, PF Holdings Management LLC, PF Alabama Management LLC, PF Ralston LLC, and Ralston GA LLC jointly controlled, supervised, trained, hired, fired, and compensated other Maintenance Workers including Plaintiff.

73. Defendants PC Holdings LLC, PF Holdings Management LLC, PF Alabama Management LLC, PF Ralston LLC, and Ralston GA LLC are a single integrated enterprise under federal common law.

74. Defendants PC Holdings LLC, PF Holdings Management LLC, PF Alabama

Management LLC, PF Ralston LLC, and Ralston GA LLC are a single integrated employer of Plaintiff.

75. Defendants PC Holdings LLC, PF Holdings Management LLC, PF Alabama Management LLC, PF Ralston LLC, and Ralston GA LLC were/are joint employers under the FLSA.

76. Defendants PC Holdings LLC, PF Holdings Management LLC, PF Alabama Management LLC, PF Ralston LLC, and Ralston GA LLC have jointly and severally violated the FLSA.

77. Defendants PC Holdings LLC, PF Holdings Management LLC, PF Alabama Management LLC, PF Ralston LLC, and Ralston GA LLC are jointly and severally liable for unpaid wages, liquidated damages, prejudgment interest, costs, and reasonable attorney's fees.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, Mark Williams, on behalf of himself and all others similarly situated Maintenance Workers, respectfully requests that this Court grant the following relief:

a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

b. Ordering Defendants, at their expense, to investigate and account for the number of hours worked by Plaintiff and all other Maintenance Workers who opt-in to this action;

c. Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all other Maintenance Workers and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

d. Designating Lead Plaintiff Mark Williams as the representative of the FLSA collective action and undersigned counsel as lead counsel for the same;

e. Declaring Defendants willfully violated the FLSA and the Department of Labor's

attendant regulations as cited herein;

f. Declaring Defendants violated and that said violations were intentional, willfully oppressive, fraudulent and malicious;

g. Granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff and the FLSA Collective the full amount of damages for all unpaid wages and overtime compensation and an equal amount as liquidated damages under the FLSA;

h. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by statute;

i. Awarding Plaintiff Mark Williams an incentive award for serving as representative of all similarly situated individuals; and

j. Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff, Mark Williams, individually and on behalf of all other Maintenance Workers, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

RESPECTFULLY SUBMITTED,

Dated: November 8, 2017     By:   /s Nicholas Conlon
                                  Nicholas Conlon
                                  Jason T. Brown
                                  **JTB LAW GROUP, LLC**
                                  155 2nd St., Suite 4
                                  Jersey City, NJ 07302
                                  T: (877) 561-0000
                                  F: (855) 582-5297
                                  nicholasconlon@jtblawgroup.com

                                  *Lead Counsel for Plaintiff*